**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **Alicia Birch,** ) | |
| ) | C.A. No. _____ |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | **[JURY TRIAL DEMANDED]** |
| ) | |
| **Altin Frroku and ENB Express** ) | |
| **Incorporated,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

The Plaintiff, Alicia Birch, complaining of the Defendants herein, does respectfully allege as follows:

**PARTIES**

1. The Plaintiff, Alicia Birch, is a resident and citizen of Dillon County, South Carolina.

2. Plaintiff is informed and believes that Defendant, Altin Frroku, is a resident and citizen of New Haven County, Connecticut. Plaintiff is informed and believes that, at the times relevant hereto, Defendant Frroku was acting within the course and scope of his employment with Defendant ENB Express, Incorporated.

3. Plaintiff is informed and believes that Defendant ENB Express, Incorporated [hereinafter "ENB or ENB Express"], at the times relevant hereto, was a non-resident motor carrier registered with the U.S. Department of Transportation under DOT Number 2924380. Plaintiff is further informed and believes that ENB Express  is a corporation organized and existing by virtue

of the laws of the state of Florida, with its principal place of business in a state other than the states of South Carolina or Connecticut.

4.     ENB Express was conducting its business in the state of South Carolina on the date at issue.

## JURISDICTION AND VENUE

5.     Venue is proper in this Judicial District and the Florence Division pursuant to Local Rule 3.01 DSC and 28 U.S.C. § 1391 (b)(2) because the accident in this case occurred in Florence County, South Carolina and within this Division.

6.     Plaintiff has suffered damages which exceed $75,000.00, exclusive of interest and costs.

7.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332 and other applicable laws, as the citizenship of Plaintiff is diverse from the citizenship of Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## CAUSES OF ACTION
## FOR A FIRST CAUSE OF ACTION
### (Negligence)

8.     Plaintiff is informed and believes that at the time of this collision on June 1, 2021, Defendant ENB Express was operating a commercial trucking fleet in portions of the United States, including the State of South Carolina, and was licensed and operating as a commercial motor carrier under the rules and regulations of the U.S. Department of Transportation, Office of Motor Carriers.

9. On June 1, 2021, at approximately 2:55 pm, Plaintiff Alicia Birch was driving in the right lane of two eastbound lanes on TV Road in Florence County, South Carolina.

10. At such time and place, Defendant Altin Frroku was operating a tractor and trailer unit in the course and scope of his employment with Defendant ENB Express and was driving north on the I-95 off-ramp toward the intersection with TV Road approaching a stop sign.

11. At such time and place, Defendant Frroku failed to heed the stop sign and stop, but rather proceeded through the stop sign to commence a left turn onto TV Road.

12. As Defendant Frroku proceeded onto TV Road, he crashed his tractor unit with great force and violence into the passenger side of the Nissan Altima Plaintiff Alicia Birch was driving.

13. As a direct and proximate result of the collision, Plaintiff Birch suffered severe injuries, including but not limited to, a right shoulder full-thickness rotator cuff tear requiring surgical repair, a concussion with loss of consciousness, headaches, and injuries to her neck and back.

14. At the time of the collision, the weather conditions at the scene were clear with nothing obstructing Defendant Frroku's view of the stop sign he failed to heed or the roadway over which Plaintiff Birch, who had the right of way, was approaching.

15. Plaintiff is informed and believes that at the time of the collision, Defendant Frroku was either impaired, distracted, or fatigued and inattentive to plainly visible traffic signage and approaching traffic.

16. Plaintiff is informed and believes that at the time of the collision described above, Defendant ENB Express was operating its trucking fleet in such blatant violation of safety

regulations and practices that on November 2, 2021, the US Department of Transportation, Office of Motor Carriers, rated its operations and drivers as follows:

> QUALIFICATION OF ENB EXPRESS DRIVERS:  **UNSATISFACTORY**
>
> DRIVING OF MOTOR VEHICLES: **UNSATISFACTORY**
>
> RECORDABLE/PREVENTABLE CRASH RATE: **UNSATISFACTORY**
>
> HOURS OF SERVICE OF DRIVERS: **UNSATISFACTORY**
>
> DRUG AND ALCOHOL PROGRAM: **UNSATISFACTORY**
>
> INSPECTION, REPAIR, MAINTENANCE: **CONDITIONAL**

17.     Plaintiff is informed and believes that the unsatisfactory/conditional ratings were based in part upon Defendants ENB Express and Frroku's actions and inactions with regard to the crash at issue and with regard to the tractor-trailer unit involved in the crash.

18.     On November 2, 2021, based on ENB Express's unsatisfactory ratings in multiple categories, the US Department of Transportation, Office of Motor Carriers assigned to Defendant ENB Express the following overall safety rating:  **UNSATISFACTORY – UNFIT.**  ENB Express was placed out of service.

19.     To date, ENB Express has failed to demonstrate sufficient remedial safety measures to be allowed by the US Department of Transportation to operate as a motor carrier and remains shut down.

20.     Plaintiff is informed and believes that Defendant Frroku, while acting within the course and scope of his employment with Defendant ENB Express, was negligent, willful, wanton, reckless, careless, and grossly negligent at the time and place hereinabove mentioned, in the following particulars:

(a)  In failing to maintain attention to the roadway while driving;

(b)  In driving while distracted or impaired;

(c)  In failing to maintain a proper lookout;

(d)  In failing to stop at a stop sign;

(e)  In failing to yield the right of way to the vehicle Plaintiff was operating;

(f)  In failing to maintain proper control over his tractor-trailer;

(g)  In failing to avoid the collision with Plaintiff's vehicle;

(h)  In operating a tractor-trailer too fast for conditions;

(i)  In failing to employ proper safety precautions;

(j)  In failing to present himself for post-accident alcohol and controlled substance testing as required by Federal Motor Carrier Safety Regulations;

(k)  In failing to conduct appropriate inspections of the tractor-trailer unit he was operating;

(l)  In operating the tractor-trailer unit in violation of the traffic safety laws of the State of South Carolina so as to constitute negligence *per se*;

(m)  In failing to use the degree of care and caution as would have been exercised by a reasonably prudent tractor-trailer driver under the circumstances then and there prevailing; and

(n)  In such other particulars as may be determined through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

All of which negligence, willfulness, wantonness, recklessness, carelessness, and gross negligence is attributable to Defendant ENB Express Incorporated, by virtue of the doctrine of *Respondeat Superior*.

21. Plaintiff is informed and believes that the Defendant ENB Express was further negligent, willful, wanton, reckless, careless, and grossly negligent at the time and place hereinabove mentioned in the following additional particulars:

(a) In failing to ensure that Defendant Frroku had the knowledge and skills necessary to control and maneuver a tractor-trailer rig safely on South Carolina highways prior to dispatching him;

(b) In failing to ensure that Defendant Frroku was subjected to post-accident alcohol and controlled substance testing following the June 1, 2021, crash as mandated by Federal Motor Carrier Safety regulations;

(c) In failing to maintain appropriate safety management controls over its trucking operations, including with regard to inspection and maintenance of its vehicles;

(d) In operating a commercial trucking fleet absent a climate and culture of safety and compliance;

(e) In failing to operate it trucking fleet with the degree of care and caution as would have been exercised by a reasonably prudent motor carrier; and

(f) In such other particulars as may be determined through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

22. At all times relevant to this action, Defendants were subject to and required to obey but did not obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR §§ 301-399), either directly or as adopted by the state of South Carolina.

23. Defendants' actions in violating mandatory safety statutes and regulations constitute *negligence per se*, including but not limited to the violation of:

(a) 49 CFR § 382.303(a) and (b) Post-Accident Alcohol and Controlled Substance Testing;

(b) 49 CFR § 390 General;

(c) 49 CFR § 391 Qualification of Drivers;

(d) 49 CFR § 392 Driving of Commercial Vehicles;

(e) 49 CFR § 396 Inspection and Maintenance;

(f) S.C. Code Ann. §56-5-2330: ". . . every driver of a vehicle approaching a stop sign shall stop . . . at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting highway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle . . . approaching on another roadway so closely as to constitute an immediate hazard . . .;"

(g) S.C. Code Ann. §56-5-2320 "The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard;" and

(h) In such other particulars as may be determined through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

24. As a direct and proximate result of the negligence, recklessness, carelessness, willfulness, wantonness, and gross negligence of the Defendants as aforesaid, Plaintiff Alicia Birch suffered severe, painful, and debilitating injuries, including but not limited to a right shoulder full-thickness rotator cuff tear requiring surgical repair, a concussion with loss consciousness and headaches, and injuries to her neck and back. Plaintiff has suffered and continues to suffer from headaches, right shoulder pain, neck pain, and back pain; she has incurred and will continue to incur medical expenses; she has incurred and will continue to incur lost income and lost earnings capacity; she has and will in the future suffer physical, mental and emotional pain and suffering, disability, loss of enjoyment of and quality of life, and other economic and noneconomic damages, for which the Plaintiff, Alicia Birch, is entitled to an award of actual and punitive damages in an amount to be determined by the jury at the trial of this case.

WHEREFORE, the Plaintiff prays for and demands a trial by jury and for judgment against the Defendants for actual and punitive damages in an amount to be determined by the jury at the trial of this case, for the costs and disbursements of this action, and for such other and further relief as this Honorable Court deems just and proper.

s/ Charles W. Whetstone, III  
Charles W. Whetstone, III, Fed. I.D. #11677  
Cheryl F. Perkins, Fed. I.D. #4969  
Charles W. Whetstone, Jr., Fed. I.D. #4604  
WHETSTONE, PERKINS & FULDA, LLC  
Post Office Box 8086 (29202)  
1303 Blanding Street  
Columbia, SC 29201  
Phone (803) 799-9400  
Facsimile (803) 799-2017  
wwhetstone@attorneyssc.com  
cperkins@attorneyssc.com  
cwhetstone@attorneyssc.com  

ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina  
September 21, 2022  
[JURY TRIAL DEMANDED]